UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR MANUEL PEREZ
PACHECO,

      Petitioner,

    v.                           Case No.:  2:26-cv-1227-SPC-NPM

WARDEN OF FLORIDA SOFT
SIDE SOUTH DETENTION
FACILITY *et al..*

      Respondents,

                                       /

## <u>OPINION AND ORDER</u>

Before the Court are Victor Manuel Perez Pacheco's Petition for Writ of Habeas Corpus (Doc. 1), the federal government's response (Doc. 6), and Perez Pacheco's reply (Doc. 10).  For the below reasons, the Court grants the petition.

Perez Pacheco is a native and citizen of Cuba who applied for admission into the United States through the CBP One process.  On July 24, 2024, the Department of Homeland Security ("DHS") granted him humanitarian parole, admitted him into the country through June 27, 2025, and commenced removal proceedings by issuing a notice to appear.  In September 2024, Perez Pacheco applied for adjustment of status under the Cuban Adjustment Act.  The application remains pending.  On October 16, 2024, an immigration judge dismissed the removal proceeding.  He explained,

> The respondent has testified under oath that they were fingerprinted by DHS and have no criminal record. The respondent's status as a paroled Cuban is immutable and the respondent is, and will remain, eligible indefinitely to apply for adjustment of status under the Cuban Adjustment Act. The court will dismiss proceedings for the respondent to apply for adjustment of status with USCIS who has sole jurisdiction over their applications.

(Doc. 1-7 at 1).

On March 30, 2026, roving Border Patrol agents arrested Perez Pacheco during a traffic stop and detained him at Alligator Alcatraz. On April 1, 2026, DHS issued a notice to appear, which incorrectly charged Perez Pacheco as being "an alien present in the United States who has not been admitted or paroled." (Doc. 6-1 at 6). Perez Pacheco is currently detained at ERO El Paso Camp East Montana.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225. As the respondents acknowledge, the Court rejected these arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9),

and exhaustion is excused because it would be futile.  And like the petitioners in those cases, Perez Pacheco's detention is not governed by § 1225(b)(2).  Even under the government's expanded application of mandatory detention—which the Board of Immigration Appeals adopted *Matter of Yajure Hurtado*, 29 I&N 216 (BIA Sept. 5, 2025)—Perez Pacheco is not an "arriving alien" because he was admitted into the country.  Indeed, DHS did not charge Perez Pacheco as being an arriving alien in the April 1, 2026 notice to appear.

8 U.S.C. § 1226(a) did not authorize Perez Pacheco's arrest and detention either.  That section states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  The timing of the warrant and the arrest is important.  8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).  Courts in this district and elsewhere have ordered ICE to release detainees who were arrested on a I-200 warrant before issuance of a notice to appear.  *See Alejandro Arellano v. Quinones*, No. 26-cv-512-GAP-DCI (M.D. Fla. Mar. 9, 2026); *Landaverde Ardon v. Mina*, No. 6:26-cv-313-JSS-LHP, 2026 WL 530199 (M.D. Fla. Feb. 26, 2026); *Arango v. Genalo*, No. 25-cv-6720 (RER),

3

2025 WL 3637500 (E.D.N.Y. Dec. 16, 2025); *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130 (E.D.N.Y. Nov. 13, 2025).

DHS did not even bother to issue a warrant here. The government arrested Perez Pacheco with no warrant, after his first removal proceeding was dismissed, and before a new removal proceeding was commenced. Perez Pacheco's arrest and detention were unlawful. *See Gopie*, 2025 WL 3167130, at *3 ("ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here.").

Accordingly, it is hereby **ORDERED**:

Victor Manuel Perez Pacheco's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Perez Pacheco from custody within 24 hours of this Order and facilitate his transportation from the facility by notifying his counsel when and where he may be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 1, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

4